**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YSIDRO GREGORIO MENDOZA SANTOS; PAUBLA MARGARITA HERNANDEZ VICENTA; CECILIA MENDOZA HERNANDEZ; SALOMAN MENDOZA HERNANDEZ; HILARIA MENDOZA HERNANDEZ, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 07-72267 <br><br> Agency Nos. A075-260-077 <br> A075-260-078 <br> A075-260-079 <br> A075-260-080 <br> A075-260-081 <br><br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 23, 2010[**]

Before: SKOPIL, FARRIS, and LEAVY, Circuit Judges.

Petitioners, natives and citizens of Mexico, seek review of a decision by the

Board of Immigration Appeals (BIA), affirming an Immigration Judge's (IJ) denial

of their applications for asylum, withholding of removal, and Convention Against

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Torture (CAT) relief. Petitioners argue the BIA's adverse credibility findings are not supported by substantive evidence because they may have been based on mistranslated testimony. They also argue the BIA erred by ruling alternatively that the events underlying their claims do not amount to persecution for the purpose of establishing their eligibility for asylum. We reject these arguments and deny the petition for review.

**I.**

Due process requires an asylum applicant "be given competent translation services." *Siong v. INS*, 376 F.3d 1030, 1041 (9th Cir. 2004) (internal quotation marks omitted). Even with no due process violation, "faulty or unreliable translations can undermine the evidence on which an adverse credibility determination is based." *He v. Ashcroft*, 328 F.3d 593, 598 (9th Cir. 2003). Here, the BIA's first decision was reopened because of translation issues. Although another round of hearings was conducted with a competent interpreter, petitioners contend the BIA's second decision may have been based on improperly translated testimony and documentation from the first proceeding.

We conclude the BIA did not base its decision on "tainted" evidence from the first proceeding. Rather, the BIA reasonably concluded that given the totality of the record with its "widely various accounts," it was not unreasonable for the IJ

to state "that he did not know what to believe" and to require petitioners to submit corroborating evidence to support their claim of persecution. Indeed, corroborating evidence may be required whenever there is "reason to question the applicant's credibility." *See Chawla v. Holder*, 599 F.3d 998, 1005 (9th Cir. 2010) (internal quotation marks omitted); *see also Sidhu v. INS*, 220 F.3d 1085, 1090 (9th Cir. 2000) (noting corroborating evidence may be required when the trier of fact "either does not believe the applicant or does not know what to believe"). We reject petitioners' contention that sufficient corroborating evidence was either provided or was unavailable.

## II.

Even if petitioners' testimony is fully credited, the incident they describe must "rise to the level of persecution." *See Nai Yuan Jiang v. Holder*, 611 F.3d 1086, 1095 (9th Cir. 2010). "Persecution is an extreme concept that does not include every sort of treatment our society regards as offensive." *Wakkary v. Holder*, 558 F.3d 1049, 1059 (9th Cir. 2009) (internal quotation marks omitted). Rather, persecution is usually characterized as severe and sustained, "marked by the infliction of suffering or harm in a way regarded as offensive." *Halim v. Holder*, 590 F.3d 971, 975 (9th Cir. 2009) (internal quotation marks and ellipses omitted).

Here, petitioners describe a single incident when soldiers came into their home and demanded food. The wife claims she was struck by a soldier when she did not respond quickly to the demand, but was not seriously injured and did not require medical treatment. The soldiers took food and stole other items from the home. Petitioners related that an uncle had a similar experience with the soldiers and they also attributed the death of a nephew to the general drama of the event.

We conclude that "although a reasonable factfinder could have found this incident sufficient to establish past persecution, we do not believe that a factfinder would be *compelled* to do so." *Gu v. Gonzales*, 454 F.3d 1014, 1020 (9th Cir. 2006) (internal quotation marks omitted; emphasis in original). We held in that case that petitioner failed to demonstrate past persecution when he was detained and beaten on one occasion, but did not suffer sufficient injuries to require medical attention. *Id.* Similarly, in *Prasad v. INS*, 47 F.3d 336, 339 (9th Cir. 1995), we held there was no persecution where petitioner was detained and beaten but did not require medical treatment. More recently, we have reiterated that not all forms of discrimination, mistreatment, or even infliction of harm amounts to persecution. *See, e.g.*, *Halim*, 590 F.3d at 975-76 (harassment, including arrests and beatings, did not amount to persecution); *Wakkary*, 558 F.3d at 1059-60 (discrimination,

including robbery, beatings, and being accosted by a threatening mob did not amount to persecution).

III.

Petitioners failed to demonstrate either past persecution or a well-founded fear of future persecution. Because they did not establish their eligibility for asylum, their applications for withholding of removal also fail. *See Cortez-Pineda v. Holder*, 610 F.3d 1118, 1125 (9th Cir. 2010) (noting more stringent standard for withholding of removal). Moreover, their CAT claim fails, both for lack of credible testimony, *see id.*, and because the incident at issue does not amount to persecution, let alone torture, *see Lin v. Holder*, 610 F.3d 1093, 1098 (9th Cir. 2010).

**PETITION FOR REVIEW DENIED**.